**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

**CHRISTOPHER O. CURRY,**

**Plaintiff,**

**v.** **No. 1:26-cv-01059-JDB-jay**

**STATE OF TENNESSEE,**
**TENNESSEE DEPARTMENT OF CORRECTION,**
**MADISON COUNTY,**
**LAKE COUNTY, and**
**UNKNOWN OFFICIALS,**

**Defendants.**

---

**REPORT AND RECOMMENDATION**

---

Defendants State of Tennessee, the Tennessee Department of Correction ("TDOC"), and Madison County move for dismissal. (Docket Entries ["D.E."] 12, 14). Plaintiff Christopher Curry, proceeding *pro se*, has responded in opposition. (D.E. 15). This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. For the following reasons, it is **RECOMMENDED** that the Court **GRANT** Defendants' Motions to Dismiss. It is further **RECOMMENDED** that the Court *sua sponte* **DISMISS** Defendants Lake County and "Unknown Officials."

**I.**

This is a civil rights claim. Plaintiff was incarcerated beginning at an unspecified time. (D.E. 1 at 1–2 ¶ 6–10). In 2003, the Circuit Court for the Twenty-Ninth Judicial District at Lake County, Tennessee, granted Plaintiff's habeas corpus petition, and Plaintiff alleges that the Court

"declared the judgment void and the sentence expired." (*Id.*). Plaintiff alleges that his incarceration violated the Fourteenth Amendment and brought this action pursuant to 42 U.S.C. § 1983. (*Id.*). He seeks compensatory and punitive damages. Plaintiff had summonses issued for Lake County, Madison County, the State of Tennessee, and TDOC, and returned those summonses as executed.[1] (D.E. 8, 9).

## II.

Defendants State of Tennessee and TDOC move for dismissal on three grounds: 1) Plaintiff did not properly serve the State Defendants; 2) sovereign immunity bars Plaintiff's claims; and 3) Plaintiff's claims are untimely. (D.E. 12, 13). Defendant Madison County moves for dismissal on four grounds: 1) Plaintiff's claims are untimely; 2) Plaintiff has failed to plead a viable § 1983 claim; 3) the *Rooker-Feldman* doctrine bars Plaintiff's lawsuit; and 4) Plaintiff's claim for an order restoring his rights is moot. (D.E. 14). Defendant Lake County has not filed an answer or other responsive pleading.

### A. Rule 12 standards

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion can either challenge the sufficiency of the pleadings or the factual existence of subject-matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A pleadings-based challenge examines whether a complaint has alleged a basis for subject-matter jurisdiction, and the complaint's allegations are taken as true as in a Rule 12(b)(6) motion. *Id.* Federal Rule of Civil Procedure 12(b)(6) provides that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

[1] Plaintiff also had a summons issued for "Tennessee Probation and Parole" but did not return an executed summons to the Clerk of the Court. (*See* D.E. 8-3).

a claim to relief that is plausible on its face.'" *Crawford v. Tilley*, 15 F.4th 752, 762 (6th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Although courts generally apply less stringent standards to *pro se* pleadings than to formal pleadings drafted by lawyers and construe them liberally, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *Kremer v. Unilever, PLC*, No. 24-cv-01410, 2025 WL 2674556, at *6 (M.D. Tenn. Sept. 18, 2025), *pro se* litigants must still adhere to the Federal Rules of Civil Procedure, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003). Furthermore, courts may disregard conclusory allegations and legal conclusions. *Iqbal*, 556 U.S. at 678. A statute of limitations defense may be raised through a Rule 12(b)(6) motion to dismiss where the limitations bar is apparent on the face of the complaint. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

**B. Sovereign immunity**

Plaintiff's claims against the State of Tennessee and TDOC ("the State Defendants") are barred by sovereign immunity. Sovereign immunity is a "true jurisdictional bar" and, once raised, "must be decided before the merits." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). "Sovereign immunity bars suit against state agencies and state officials sued in their official capacity, unless (1) the State has consented to such a suit, (2) its immunity has been properly abrogated by Congress, or (3) the *Ex parte Young* exception applies." *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 513–15 (6th Cir. 2021); *see also S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008).

Here, none of the sovereign immunity exceptions apply. First, Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). Second, § 1983 does not abrogate

sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). A State is not a "person" within the § 1983's meaning, and Congress did not intend § 1983 to override the "well-established immunity of a State from being sued without its consent." *Id*. at 65–67. Finally, the *Ex parte Young* exception is inapplicable because Plaintiff is not seeking prospective injunctive relief against individual state officials in their official capacities to stop a continuing violation of federal law. *See* J*osephson v. Ganzel*, 115 F.4th 771, 782 (6th Cir. 2024). Because none of the sovereign immunity exceptions apply, the Court lacks subject-matter jurisdiction over the State Defendants.

**C. Statute of limitations**

Plaintiff's claims are time-barred. Plaintiff's claims rely on 42 U.S.C. § 1983. (D.E. 1). Section 1983 borrows the applicable limitations period from state law, and Tenn. Code Ann. § 28-3-104(a) requires that civil-rights actions be filed "within one (1) year after the cause of action accrued." *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (quoting Tenn. Code Ann. § 28-3-104(a)). While state law controls the limitation period, federal law governs when the claim accrues. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). Under federal law, civil rights actions accrue, and the limitations period begins when the plaintiff knows or has reason to know of the injury that forms the basis of the claim. *Id.*

Here, Plaintiff's cause of action accrued sometime in 2004. Plaintiff knew or should have known that the Lake County Circuit Court granted his *habeas corpus* petition and "declared the judgment void and the sentence expired" in 2003. (D.E. 1 at ¶¶ 7–8). Plaintiff's lawsuit was not filed until March 20, 2026 — more than 20 years later. Because Plaintiff's action is untimely, Madison County's motion to dismiss should be granted.

**D. Additional grounds for dismissal**

The State Defendants and Madison County offer additional grounds for dismissal. Because this Court lacks subject-matter jurisdiction over the State Defendants, it is unnecessary to evaluate

whether Plaintiff's service of process was proper on the State of Tennessee or TDOC. Furthermore, while the claims brought against the State Defendants also appear to be barred by the statute of limitations, this Court lacks jurisdiction to make that determination. Similarly, an analysis of Madison County's additional arguments for dismissal is unnecessary.

**E. Non-moving defendants**

Defendant Lake County and the "Unknown Officials" should also be dismissed on the basis of Plaintiff's claims being time-barred. "Although a statute of limitations defense is an affirmative defense that ordinarily must be raised by a defendant, the defense may nonetheless be raised *sua sponte* by the Court in circumstances when it clearly applies and when the plaintiff is put on notice that the timeliness of his or her claims is at issue." *Annette v. Haslam*, No. 3:18-1299, 2020 WL 434162, at *12 (M.D. Tenn. Jan. 27, 2020); *see also Mischler v. Bevin*, No. 18-5665, 2019 WL 2644639, at *3 (6th Cir. May 8, 2019) (district court properly *sua sponte* dismissed plaintiff's claims against defendant because "a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint").

In this case, the statute of limitations defense clearly applies, and allowing this case to proceed against Defendants Lake County and the "Unknown Officials" would serve no purpose, as the claims are clearly barred by the defense and subject to dismissal. Accordingly, the claims against Defendants Lake County and the "Unknown Officials" should be dismissed.

**III.**

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court **GRANT** Defendants State of Tennessee and TDOC's Motion to Dismiss (D.E. 12) and Defendant Madison County's Motion to Dismiss. (D.E. 14). Furthermore, Defendants Lake County and the "Unknown Officials" should be dismissed *sua sponte* because Plaintiff's claims against them are time-barred.

Respectfully submitted, this the 15th day of October, 2026.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**